# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WARREN LOVE,

    Petitioner,

v.

    Case No. 2:16-cv-19
    JUDGE ALGENON L. MARBLEY
    Magistrate Judge King

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

## OPINION AND ORDER

On April 7, 2017, the Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (Doc. 10). Petitioner has objected to that recommendation, *Objection* (Doc. 11), and on April 26, 2017, the Court granted Petitioner's *Motion for Leave to Amend Objections to Magistrate's Report and Recommendation. Order* (Doc. 13). Respondent has responded to Petitioner's objections. *Response to R & R Objections* (Doc. 14), and Petitioner has replied in support of his objections. *Reply to Warden's Response Filed on May 03, 2017 (Doc.#14),* (Doc. 15). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections, as amended, are **OVERRULED**. The *Report and Recommendation* (Doc. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner challenges his convictions, following a jury trial in the Hocking County Court of Common Pleas, on charges of aggravated robbery, felonious assault, tampering with evidence, aggravated trafficking in drugs, and having weapons while under a disability, with firearm specifications. Petitioner asserts that the evidence was constitutionally insufficient to sustain his

convictions (claim one); that the trial court improperly imposed consecutive terms of incarceration (claim two); that he was denied the effective assistance of trial counsel due to his attorney's failure to object to the introduction of Petitioner's prior juvenile record, failure to impeach witnesses, failure to file a motion to suppress evidence, failure to object to the imposition of sentence, and failure to object to inadmissible evidence or prosecutorial misconduct (claims three and four); that he was denied a fair trial due to the admission of perjured testimony (claim five); that he was denied a fair trial because of prosecutorial misconduct (claim six); that he was denied the effective assistance of appellate counsel (claim seven); and that he was denied due process because the state courts failed to investigate and consider his claim that the clerk had withheld his Rule 26(B) application beyond the filing deadline (claim eight). The Magistrate Judge recommended the dismissal of Petitioner's claims one and two as without merit and the dismissal of claims three through six as procedurally defaulted. In his objections, Petitioner addresses only the procedural default analysis.

Petitioner objects to the Magistrate Judge's recommendation that Petitioner procedurally defaulted claims five and six because they were never raised on direct appeal. Petitioner asserts the denial of the effective assistance of his appellate counsel as cause for his failure to raise these claims on direct appeal. However, recognizing that his Rule 26(B) application was rejected as untimely and may itself be procedurally defaulted, Petitioner insists that he has established cause for this procedural default, based on either the alleged failure of prison officials to promptly mail the Rule 26(B) application or the state court clerk's failure to timely file that application. Petitioner represents that he submitted his Rule 26(B) application to prison officials for mailing on Monday, July 7, 2014, *i.e.,* two (2) days in advance of the Wednesday, July 9, 2014, filing deadline. According to Petitioner, had officials acted promptly, his application should have been

timely filed because it should have been delivered to the state court clerk within two days. However, Petitioner's Rule 26(B) application was actually filed on July 14, 2014, and was dismissed as five days late. *Decision and Judgment Entry* (Doc. 7-1, PageID# 257). Petitioner claims, therefore, that he has established cause for any procedural default of this claim, which should then excuse any procedural default of his other claims.

In support of this argument, Petitioner refers to documents indicating that he submitted his Rule 26(B) application to prison officials for mailing on July 7, 2014, *see Affidavit of Clarity* (Doc. 7-1, PageID# 246); *Check Out-Slip* (Doc. 15-1, PageID# 692), and that the return to him of that application by the state appellate court clerk took only one day after its delivery to the United States Postal Service. *Affidavit of Clarity* (Doc. 7-1, PageID# 247-49); *Legal Mail Log* (Doc 15-1, PageID# 694-95). Petitioner also represents that it took only two days from the date that he submitted his *Notice of Appeal* to prison officials for mailing before that document was filed with the Ohio Supreme Court. *See Affidavit of Clarity* (Doc. 7-1, PageID# 250). Petitioner therefore requests that the Court address all of his claims on the merits.[1]

It is a petitioner's burden to show cause and prejudice sufficient to overcome a procedural default. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001)(citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted)).

> 'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[, *i.e*.,] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule."

---

[1] Petitioner also indicates that he does not intend in habeas corpus claim two to raise an issue under the Double Jeopardy Clause, and he states that he was represented by the same attorney at trial and on direct appeal. *Objection* (Doc. 11, PageID# 675).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "Courts have held repeatedly that a petitioner's *pro se* incarcerated status, limited access to the prison law library, or ignorance of the law and state procedural requirements do not constitute cause sufficient to excuse a procedural default." *Watkins v. Warden, Dayton Correctional Institution,* No. 2:16-cv-00501, 2016 WL 4394138, at *3 (S.D. Ohio Aug. 18, 2016)(citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004))(citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)); *Crosby v. Warden, London Correctional Facility*, No. 1:12–cv–523, 2013 WL 5963136, at *5 n. 2 (S.D. Ohio Nov. 7, 2013). On the other hand, "government inaction such as delay in mailing a prisoner's court filing is one objective factor that may constitute cause for a prisoner's failure to comply with a state's procedural rule." *Foster v. Warden, Chillicothe Correctional Institution*, 575 Fed. Appx. 650, 654 (6th Cir. 2014)(citing *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013); *Maples,* 340 F.3d 433, 439 (6th Cir. 2003)). "This standard requires 'inaction' by the prison – *i.e.,* dilatory processing of mail." *Osley v. Moore*, 2016 WL 212566, at *5 (N.D. Ohio Jan. 19, 2016)(citing *Maples*, 340 F.3d at 439). "A prisoner's ignorance of normal prison processing time for mail is not adequate cause." *Id*. (citations omitted).

> *Henderson* also makes clear that a prisoner is not required to point to specific government conduct demonstrating inaction or interference to demonstrate cause. 730 F.3d at 560. Once a prisoner gives his state court filing to prison officials to be mailed, it is in their control and he no longer has the ability to affect its delivery. *Id*. If the filing would have been timely filed "'in the normal course of events'" but is filed late or never reaches the court, the prisoner has demonstrated cause to excuse the procedural default.'" *Id*. (quoting *Maples*, 340 F.3d at 439); *see also Ivy*, 173 F.3d at 1141 ("[I]t [is] incumbent upon the State to ensure that [the prisoner's] motion was promptly put into the regular stream of outgoing mail.").

*Foster*, 575 Fed. Appx. at 654. "District courts also have followed *Maples*, finding prejudice where state inaction caused an untimely filing." *Id*. at 655 (citing *Bradley v. Turner*, No. 3:12–CV–1504, 2013 WL 1345667, *18 (N.D. Ohio Feb. 11, 2013); *Brown v. Warden, Lebanon Correctional Inst*., No. 3:08-cv-0477, 2011 WL 5357831, *6–7 (S.D. Ohio Aug. 30, 2011); *Hines v. Brunsman*, No. 3:08-cv-2916, 2010 WL 750176, *19–20 (N.D. Ohio Feb. 26, 2010); *Jenkins v. Timmerman–Cooper*, No. 3:04-cv-0324, 2007 WL 2571945, at *5 (S.D. Ohio 2007)).

Here, however, Petitioner waited until just two days before the filing deadline to submit his Rule 26(B) application to prison officials for mailing. Under these circumstances, and in view of the lack of any evidence indicating that the prison mail room did not act promptly in mailing Petitioner's materials, this Court cannot say that there is "no doubt" that the application for reopening of the appeal would have arrived on time had prison officials – or the clerk of the state court of appeals – acted promptly. *See Lee v. Davis*, No. 07-13782-BC, 2010 WL 3070060, *3 (E.D. Mich. Aug. 3, 2010)(rejecting a petitioner's argument that he had established cause for his procedural default where he waited until only two days before the filing deadline to submit his documents to prison officials for mailing); *see also Merry v. LaRose,* No. 5:13-cv-1374, 2015 WL 672038, at *10 (N.D. Ohio Feb. 17, 2015)(no cause for procedural default where the petitioner waited three days before filing deadline to give prison mail room money for processing his mail); *Donnal v. Sheets*, No. 3:08-cv-932, 2009 WL 3126404, at *3 (N.D. Ohio Sept. 24, 2009)(no cause for procedural default where the petitioner delivered his appeal to the prison mail room only three days before the filing deadline). Even assuming that Petitioner received mail from the state court clerk in two days or less, that fact does not mean that two days would have necessarily been sufficient for the timely filing of his pleadings, particularly if one takes into consideration a prison's expected procedures and normal processing times. Therefore, this Court

is not persuaded that Petitioner has established cause for the procedural default of his claim of the denial of the effective assistance of appellate counsel, or of his habeas corpus claims five and six.

Petitioner's habeas claims three and four allege the denial of the effective assistance of trial counsel and Petitioner asserts that he was represented by the same attorney at both trial and on direct appeal. Under these circumstances, claims of ineffective assistance of trial counsel would properly be raised in a petition for post conviction relief pursuant to O.R.C. § 2953.21. "Issues which must be raised in a postconviction action pursuant to R.C. § 2953.21 include claims. . . of ineffective assistance of trial counsel where the defendant was represented on direct appeal by the same attorney who represented him at trial." *Van Hook v. Anderson*, 127 F.Supp.2d 899, 913 (S.D. Ohio 2001) (citing *State v. Cole*, 2 Ohio St.3d 112 (1982)). However, Petitioner did not file a petition for post-conviction relief. Moreover, the time in which to do so has long since expired, and the record does not indicate that Petitioner can meet the stringent requirements for the filing of a delayed post conviction petition. *See* O.R.C. § 2953.23.[2] *See*

---

[2] O.R.C. § 2953.23 provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the

*Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013)(petitioner procedurally defaulted claim where he failed to raise it in his post conviction petition, and the record did not reflect that he could meet the requirements of O.R.C. 2953.23); *Harris v. Warden, Chillicothe Correctional Institution*, 832 F.Supp.2d 873, 806 (S.D. Ohio 2011)(same)(citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)("If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.")(internal citations omitted)). In short, Petitioner has failed to establish cause for this procedural default. Therefore,

---

claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

If a petition filed pursuant to section 2953.21 of the Revised Code by a person who has been sentenced to death is denied and the person appeals the judgment, notwithstanding any law or court rule to the contrary, there is no limit on the number of pages in, or on the length of, a notice of appeal or briefs related to an appeal filed by the person. If any court rule specifies a limit on the number of pages in, or on the length of, a notice of appeal or briefs described in this division or on a prosecuting attorney's response or briefs with respect to such an appeal and a person who has been sentenced to death files a notice of appeal or briefs that exceed the limit specified for the petition, the prosecuting attorney may file a response or briefs that exceed the limit specified for the answer or briefs.

he has likewise procedurally defaulted his claims of denial of the effective assistance of trial counsel as presented in claims three and four.

For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections, as amended, are **OVERRULED**. The *Report and Recommendation* (Doc. 10) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether petitioner's claims should have been resolved differently or that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge